MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
KATHY QUON BRYANT, ESQ., CA Bar #213156
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: mmeyers@mlg-pc.com

Proposed Attorneys for Debtor-in-Possession
San Jose Airport Hotel, LLC

**The following constitutes
the order of the court. Signed February 23, 2009**

_____
**Roger L. Efremsky**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 09-51045-RLE |
| SAN JOSE AIRPORT HOTEL, LLC, doing business as HOLIDAY INN SAN JOSE, | Chapter 11 |
| Debtor. | Date: February 20, 2009<br>Time: 3:00 p.m.<br>Place: U.S. Bankruptcy Court<br>280 South First St., Ctrm. 3099<br>San Jose, CA |
| Fed. Tax ID No. 77-0428062 | Judge: Hon. Roger L. Efremsky |

**INTERIM ORDER GRANTING DEBTOR'S
MOTION TO APPROVE USE OF CASH COLLATERAL**

On February 18, 2009 (the "Petition Date"), SAN JOSE AIRPORT HOTEL, LLC, doing business as HOLIDAY INN SAN JOSE (as debtor-in-possession herein, the "Debtor"), by and through its proposed counsel, filed a voluntary petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), initiating the within chapter 11 case.

Also on the Petition Date, the Debtor filed its *Debtor's Motion To Approve Use Of Cash Collateral On An Interim And Final Basis* (the "Motion"), seeking the entry of interim and final orders, pursuant to the provisions of Section 363 of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy

-1-

Procedure (the "Bankruptcy Rules"), permitting the Debtor to use cash collateral in which GENERAL ELECTRIC CAPITAL CORPORATION ("GECC") holds a security interest, on both an interim and final basis, to pay ordinary course expenses necessary to maintain the Debtor's ongoing postpetition hotel operations; as supported by the declaration of Manou Mobedshahi (the "Mobedshahi Declaration") and the notice of hearing of the Motion, all served and filed concurrently therewith.

The Motion came before this Court for an emergency hearing on February 20, 2009, following due and adequate notice, for the purpose of considering the granting of interim relief pending a later, final hearing on full notice to all necessary parties. Merle C. Meyers, Esq. and Kathy Quon Bryant, Esq. of Meyers Law Group, P.C. appeared on behalf of the Debtor; Steven B. Sacks, Esq. appeared on behalf of GECC; and Nanette Dumas, Esq. appeared on behalf of the Office of the United States Trustee, at said emergency hearing. Having heard all argument and evidence presented with respect to the Motion and any opposition thereto, and the Court having been advised of agreement among the Debtor, GECC and the United States Trustee as to the terms set forth below, the Court has determined that just cause exists for the granting of the Motion on an interim basis to the extent set forth below, and for good cause shown,

NOW, THEREFORE, IT IS HEREBY ORDERED, DECREED AND ADJUDGED, for the reasons set forth in the record of the aforementioned hearing and in the Motion, as follows:

1. Pursuant to the provisions of Section 363 of the Bankruptcy Code and Rule 4001(b) of the Bankruptcy Rules, the Motion is hereby GRANTED on an interim basis as and to the extent set forth below.

2. The Debtor is authorized to use cash collateral in which GECC holds an interest, to the extent reasonable or necessary in order to pay ordinary course expenses incurred by the Debtor in connection with Hotel[1] operations to the extent that such expenses are within the expense amounts projected in Exhibit "B" attached to the Mobedshahi Declaration for the months of February (postpetition) or March 2009, and either (a) are incurred by the Debtor on or after the Petition Date; or (b) are approved by separate order of this Court, upon notice to GECC.

3. The Debtor is also authorized to use cash collateral in which GECC holds an interest to the extent otherwise appropriate under the provisions of the Bankruptcy Code and approved by GECC in

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

writing.

4.    To secure the diminution in value caused by the use by Debtor of any of GECC's cash collateral, GECC is hereby granted a first priority, perfected replacement lien on and security interest in all of the Debtor's tangible and intangible personal property created or arising after the Petition Date (subject to the exceptions set forth in paragraph no. 5 below, the "Postpetition Collateral"), including a fully perfected, first priority lien on and security interest in the Postpetition Collateral, subordinate to chapter 11 quarterly fees payable to the U.S. Trustee, and the reasonable fees and costs of any trustee (or trustee's professionals) who may be appointed in this chapter 11 case or in any succeeding chapter 7 case, which are allowed by the Court after notice and a hearing, up to the maximum amount of $40,000 (the "Trustee Carve-out"); *provided, however*, that the amount of any surcharge ordered under Section 506(c) of the Bankruptcy Code on application of any such trustee shall be reduced by the amount of the Trustee Carve-out. The foregoing is without prejudice to the rights of GECC and any other party in interest to oppose any fees or costs requested by any chapter 7 or chapter 11 trustee (or such trustee's professionals).

5.    Postpetition Collateral shall not include: (a) any real property of the Debtor, or (b) any causes of action under Bankruptcy Code Sections 544, 545, 547 or 548. Furthermore, notwithstanding the foregoing, the liens on and security interests in the Postpetition Collateral (a) shall be subject to existing pre-petition liens on equipment solely to the extent that such existing pre-petition lien on equipment: (i) has been validly granted and is a duly perfected pre-petition lien, (ii) has priority over GECC's liens on the collateral and (iii) is not otherwise subordinated by statute or contract; and (b) shall have no greater priority, enforceability or validity than the liens presently held by GECC in the cash collateral used by the Debtor.

6.    The Debtor shall, no later than the fifth day of each month, pay all accrued postpetition interest then due and unpaid at the Contract Rate as set forth in the loan agreement between GECC and the Debtor, without waiver of any party's rights with regard to the amounts owed in connection with such loan agreement. Such interest shall be calculated based on the principal amount of $24,151,887, and shall be prorated for the month of February 2009 for postpetition periods only.

7.    The liens and security interests granted to GECC pursuant to this Order shall be perfected by operation of law upon entry of this Order by the Court.

8.    Unless extended by a further order of this Court or the written consent of GECC, this Order

and the Debtor's authorization to use cash collateral pursuant to this Order shall automatically expire on March 31, 2009, without further notice or order of the Court.

9.      In the event that the protections granted hereunder prove to be inadequate, GECC is hereby granted allowed administrative claims in accordance with Bankruptcy Code Section 507(b), and the priority of such claims shall be over any and all administrative expenses and priority claims of the kind specified in, or ordered pursuant to, Bankruptcy Code Sections 326, 330, 331, 503(b), 506(c), 507(b) or 552(b) and over all rights of set-off under the Bankruptcy Code.

10.      The provisions of this Order shall be binding upon and inure to the benefit of the Debtor, GECC and their respective successors and assigns (including any trustee hereafter appointed or elected as a representative of the Debtor's estate, whether in this chapter 11 case or in any subsequent case or case under chapter 7 of the Bankruptcy Code). The priorities, liens, mortgages, and security interests provided for under this Order shall continue in this or any superseding case under the Bankruptcy Code, and such liens, mortgages, and security interests shall maintain their priority as provided by this Order until satisfied and discharged.

11.      This Order is without prejudice to the right of the Debtor to seek further authorization for use of cash collateral for any period after the Expiration Date, and is without prejudice to the right of GECC and any other party in interest to oppose such authorization.

///
///
///
///
///
///
///
///
///
///
///

1    12.    A final hearing of the Motion, at which time the Court will consider further and final relief

2    with respect to the Motion, is hereby scheduled for March 18, 2009, at 10:30 a.m., and may be continued

3    from time to time without further notice other than that given in open court.  The Debtor is directed to

4    immediately serve a copy of this Order by first class mail, postage prepaid, on: (a) the Office of the United

5    States Trustee, (b) GECC and its counsel, (c) the twenty (20) largest unsecured creditors of the Debtor (as

6    identified in the lists filed pursuant to Bankruptcy Rule 1007(d)), (d) all other creditors known to the Debtor

7    to hold liens against the Debtor's assets, and (f) all parties who have filed notices of appearances in this case.

8

9    APPROVED AS TO FORM AND SUBSTANCE:

10    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12    By:    _____/s/ Steven B. Sacks_____
              Steven B. Sacks, Esq.

13            Attorneys for GECC

14    OFFICE OF THE UNITED STATES TRUSTEE

15

16    By:    _____/s/ Nanette Dumas_____
              Nanette Dumas, Esq.

17            Attorney for United States Trustee

18

19                              ** END OF ORDER **

20

21

22

23

24

25

26

27

28

-5-

INTERIM ORDER GRANTING DEBTOR'S
MOTIONS TO APPROVE USE OF CASH COLLATERAL
22886.DOC 2003T

1

## COURT SERVICE LIST

2

Office of the U.S. Trustee
280 South First St., Rm. 268
3    San Jose, CA 95113

4

Merle C. Meyers, Esq.
Meyers Law Group, P.C.
5    44 Montgomery St., Ste. 1010
San Francisco, CA 94104
6

Steven B. Sacks, Esq.
7    Kristy Young, Esq.
Sheppard Mullin Richter & Hampton LLP
8    Four Embarcadero Ctr., 17th Fl.
San Francisco, CA 94111
9

Key Equipment Finance, Inc.
10    1000 McCaslin Blvd.
Superior, CO 80027
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT SERVICE LIST
22886.DOC 20031